JOHN HENRY KEENE, JR. *vs.* LEWIS GAEHLE.
LEWIS GAEHLE *vs.* SAMUEL SNOWDEN, and others.

*Building Association mortgage—Foreclosure of Mortgage, and
failure to file Claim for a Note given by the Association as
part of the Mortgage loan—Lien of such claim—No Liability
therefor as against the Purchaser of the mortgaged property,
or the property itself—Proper place for filing claim—
Receivers not liable for a Claim not filed till after they
had Distributed the funds in their hands; nor for the
Neglect of a Co-Receiver to file such claim after it had been
left with him for that purpose—The Receiver guilty of such
Neglect not liable as Receiver—Such liability only Enforcea-
ble against him Individually in a Court of Law—Attorney
and Client.*

A mortgage was made to a Building Association, conditioned for the
performance of certain covenants contained therein, among them
the payment of certain weekly payments, until the combined
weekly payments should amount to a specified sum. The mort-
gage recited as the consideration, an advance of that sum by the
Association, for part of which the mortgagors had accepted in lieu
of money, the promissory notes of the mortgagee, on each of which
was an endorsement stating that it was secured by mortgage on
the mortgaged property. One of the notes came into the hands of
G. for value, and was renewed by a new note for the same amount,
bearing the same endorsement, with the same maker and payee,
and by the latter endorsed to G. Under proceedings for a foreclosure
of the mortgage, the mortgaged property was sold and conveyed
to K., and an account was stated, distributing the proceeds of
sale, and showing a balance for further distribution. Under pro-
ceedings against the Building Association, its property was placed
in the hands of receivers. After the usual notice to creditors,
distribution was made by the receivers among the claims filed, of
all the money in their hands, including the balance of the pro-
ceeds of the mortgage sale which had been handed over to them.
The note of G. was not filed in either case. On a bill filed by G.
against the receivers, and K., and a mortgagee under K. of the

property purchased by K. at the mortgage sale, seeking to hold said defendants and the mortgaged property answerable for the payment of his note, it was HELD:

1st. That there was no equity in the bill as against K. and his mortgagee, they being *bona fide* purchasers without notice of the complainants' claim; and the property in their hands was held free from any claim or lien of the complainant.

2nd. That the complainant, as holder of said note, was entitled to the security of the mortgage for its payment, and, therefore, to a prior lien or claim upon the fund arising from the sale of the mortgaged property, provided this claim had been asserted at the proper time, and in the proper manner by filing it in Court duly authenticated.

3rd. That the proper place for filing the claim was in the cause in which the decree had been passed for the sale of the property mortgaged.

4th. That the funds in the hands of the receivers having been regularly distributed by them among the creditors whose claims were filed and proven, the complainant could have no equitable claim against the receivers.

5th. That conceding that the note had been handed by the complainant to one of the receivers to get it filed and allowed as a preferred mortgage debt, and he promised to attend to it, and negligently failed or omitted to discharge that duty, he could not be held answerable for such neglect in a Court of chancery, in his character as receiver.

6th. That his liability would rest entirely upon his personal undertaking, and could be enforced only in a Court of law.

7th. That the relation of attorney and client, as between the receiver and the complainant, was not inconsistent with his official character and duty as receiver.

APPEALS from the Circuit Court of Baltimore City.

The cases are stated in the opinion of the Court.

The causes were argued before BARTOL, C. J., GRASON, MILLER, IRVING and MAGRUDER, J.

*Wm. Shepard Bryan,* for John Henry Keene, Jr.

*Isidor Rayner,* and *Samuel Snowden,* for themselves.

*Archibald H. Taylor,* for Lewis Gaehle.

BARTOL, C. J., delivered the opinion of the Court.

On the 11th day of December 1871, Joshua Kidd and wife executed a mortgage to " The Merrimac Perpetual Building Association No. 1," conveying a house and lot on Ensor street in Baltimore City. The condition of the mortgage was that the mortgagor should perform certain covenants contained therein ; among them the payment of certain weekly dues, &c. &c., until the combined weekly payments should amount to $4000.

The mortgage recites as the consideration therefor, an advance by the Association of $4000, ($2000 in cash, and the balance in six and twelve months,)—the mortgagors accepted in lieu of money the promissory notes of the mortgagee, on each of which was the endorsement "*this note is secured by mortgage on house No. — Ensor street, Baltimore.*"

One of these notes came into the hands of Gaehle the complainant for value, and was afterwards renewed ; a new note for the same amount was given by the mortgagee dated January 11th 1873, payable twelve months after date to Jos. Kidd or order, and by him endorsed to the complainant for value, and the same memorandum was endorsed thereon, " that it was secured by mortgage on house No. — Ensor street, Baltimore.''

Proceedings in chancery were instituted against the Association, and in October 1873, John Henry Keene, Jr., Isidor Rayner and Samuel Snowden were appointed and duly qualified as receivers. They instituted proceedings and obtained a decree for the sale of the mortgaged property ; the sale was made by Mr. Ratcliffe who was ap-

pointed trustee for that purpose, and was finally ratified on the 12th day of May 1874. At this sale Henry Kidd was the purchaser for $3000, and the property was conveyed to him by the trustee on the 21st day of May, 1874, and on the 29th of March 1877 he mortgaged the same property to "The Baltimore Butchers' Loan and Annuity Association" a body corporate.

After the ratification of the sale by Ratcliffe, trustee, the case was referred to the auditor.

The auditor's report showed a balance of $1802, for further distribution by Ratcliffe, trustee, after allowing for three notes held by the German Bank similar to that held by Gaehle, and amounting to over $1000. Gaehle's note was not filed.

In the case in which the receivers were appointed, after notice was given by publication in the newspapers to "all creditors to file their claims properly authenticated with the clerk of the Court," the case was referred to the auditor who stated an account, which was finally ratified on the 19th day of September. By this account it appeared that several claims were allowed to parties claiming by subrogation; their claims being secured by mortgages held by the Merrimac B. Association No. 1.

That account showed also that a dividend was allowed to Gaehle of $38.79 on a claim of $464.84. The basis of the claim being an affidavit made by John Henry Keene, Jr., on the 5th day of May 1876, "that Gaehle is the owner and holder of a promissory note, made by the Merrimac Building Association, the defendant in this cause, said note is payable to the order of the President of said Association, endorsed by the officers, for the sum of four hundred dollars, and dated May 1st 1872 payable twelve months after date, to the best of deponent's knowledge and belief, that said note was filed among the papers in this cause, and that it has been mislaid or lost; that diligent search for it has been made and in vain; that an

affidavit has been filed to said note, taken by the claimant, Mr. Gaehle."

All the money in the hands of the receivers has been paid according to the auditor's account, except the dividend to Gaehle, who refused to receive the same, and on the 3rd day of May 1877, he filed this bill of complaint against the receivers, Henry Kidd, the purchaser at the trustee's sale, and the Butchers' Loan Association. The object of the suit is to hold the defendants and the property answerable for the payment of his note.

So far as regards Henry Kidd and his mortgagee, there is no equity in the bill against them. They are *bona fide* purchasers, without any notice of the complainant's claim, and the property in their hands is held free from any claim or lien of the complainant; the Circuit Court was clearly right in dismissing the bill as to them.

We are next to inquire whether the bill can be maintained against the receivers or either of them.

The complainant was equitably entitled to the security of the mortgage for the payment of the note; this was distinctly decided in *McCracken's Case*, 43 *Md.*, 471. Although the note was not given by the mortgagor, and did not represent any part of the mortgage debt, it formed part of the consideration for which the mortgage was given. The mortgagee as the maker of the note, was primarily bound to pay it, and held the mortgage as an indemnity from the mortgagor, the payee, for whose benefit the note was drawn. Under such circumstances, the security of the mortgage enures to the benefit of the holder of the note, who would be entitled to the security afforded by the mortgage for its payment. It follows that the complainant was entitled to a prior lien or claim upon the fund arising from the sale of the mortgaged property, provided this claim had been asserted at the proper time and in the proper manner, by filing it in Court, duly authenticated. The proper place for filing the claim was

in the cause in which the decree had been passed for the sale of the property mortgaged, and in which Mr. Ratcliffe was trustee. It was not so filed, and consequently no part of the fund in the hands of the trustee, was awarded by the auditor for its payment. In that case, the receivers were only entitled to receive from the trustee the balance remaining in his hands, after the payment of the prior liens on the property. This balance amounting to $1802, passed into the hands of the receivers; and in the case of *Mengel vs. The Merrimac B. A. No.* 1, in which they had been appointed, the fund in their hands was regularly distributed by the account of the auditor among the creditors, whose claims had been filed and proved. The auditor's account was finally ratified, and the whole fund paid out by the receivers. Under these circumstances, the complainant can have no equitable claim against the receivers. As officers of the Court, they could only receive the funds coming into their hands and pay them out under the orders of the Court. This has been done by them, except the sum of $38.79, the dividend awarded to the complainant, which he refused to receive, as stated in his bill of complaint. In this state of facts, it seems to us very clear that the complainant cannot successfully maintain this suit against the receivers, in their character as such.

Upon the statement of Rayner and Snowden, two of the receivers, which by agreement was filed as testimony in the case, the Circuit Court properly exonerated them from all responsibility and dismissed the bill as to them. But passed a decree against Keene, the other receiver, requiring him to pay to the complainant the amount of the promissory note, held by him with interest thereon, and the costs of the suit.

The ground upon which the decree appears to have been passed, and on which it is sought to be supported, is that the note was placed by the complainant in the

hands of Mr. Keene, and " the omission to have it allowed as a preferred mortgage debt was due to his having mislaid and overlooked it."

Upon this question of fact there is a conflict in the testimony ; the complainant testified that he left the note in Mr. Keene's hands, " and he, Keene, said he would attend to it."

On the other hand, Mr. Keene's statement, which it was agreed should be received as testimony, contradicts the complainant's statement in this particular. He says " complainant's note, and others held by other creditors were at one time left at his office, but at his instance they were taken away to be shown to Mr. Ratcliffe, the solicitor of the Association, that Gaehle's note was not filed by him, because he, Gaehle, never returned it."

It appears by the evidence of Mr. Taylor, complainant's solicitor, that some time after the auditor's account had been ratified, he found the note with the protest, among the papers in the receiver's case, *not marked filed*—He had previously searched for it among the papers, but did not find it.—Mr. Keene states that it was not among the papers filed by him, that it was found among papers filed by the solicitor of the Association, to whom he, (Mr. Gaehle) had delivered it, and who most likely found it to be one of the re-issues of the original. He adds, " the solicitor never spoke to me on the subject, and what Mr. Gaehle wanted when he came to me was his dividend, and at his instance I prepared an affidavit that the note was mislaid or lost, whereupon the auditor allowed it."

In the face of this contradictory testimony, we should hesitate to find that the omission to file the note and have it allowed as a preferred mortgage debt was due to Mr. Keene's having mislaid and overlooked it. But it is not necessary for us to pass upon this question of fact. If it was conclusively proved that the note had been handed to Mr. Keene, and he promised to attend to it ; and negli-

gently failed or omitted to discharge that duty, it is obvious that for such neglect he cannot be held answerable in a Court of chancery, in his character as receiver. His liability would rest entirely upon his personal undertaking, and could be enforced only in a Court of law. A Court of chancery is without jurisdiction to hear and determine a case of that kind.

It has been suggested in argument that the relation of attorney and client could not exist between Mr. Keene and the complainant, that such relation would be inconsistent with the official character and duty of Mr. Keene as receiver.

We do not perceive this supposed inconsistency; the proper place for filing the complainant's claim was among the proceedings in which the decree had been passed for the sale of the mortgaged property.

It would have been quite competent for Mr. Keene to undertake as Gaehle's attorney to prepare his claim, with the proper proofs and vouchers, and to file it as a preferred claim in that case.

If he undertook to perform that duty and failed, or neglected to perform it, and Mr. Gaehle suffered damage in consequence, his remedy is by an action in a Court of law, which has exclusive jurisdiction.

For these reasons the decree of the Circuit Court will be affirmed with costs on the appeal of Gaehle, and on the appeal of Keene, the decree will be reversed with costs, and the bill dismissed.

*Decree reversed, and*
*bill dismissed.*

(Decided 28 June, 1881.)