*H. M. Whitehead,* for appellant. *Nelson Merrill,* (*William C. Holbrook,* of counsel,) for respondent. .

DYKMAN, J. This is an appeal from an order of the county judge of Kings county, denying a motion to vacate an order appointing a receiver in proceedings supplementary to execution, and remove his bond from the files of the county clerk and vacate all his proceedings. The motion was made by the judgment debtor, and the order which he desires to annul was made in October, 1862, after his appointment; and in the year 1863 the receiver commenced an action against the judgment debtor and Eliza L. Bushnell for the recovery of property alleged to have been transferred by the judgment debtor in fraud of creditors, 'which has been tried before a referee, who found all the facts in favor of the receiver, and, among other things, found in favor of his appointment,—that is, that he was regularly appointed as such receiver. Our conclusion also is that the appointment of the receiver was regular, and that the motion for his removal was properly denied. The order appealed from should be affirmed, with $10 costs and disbursements.

---

### ALDRICH v. MORE.

*(Supreme Court, General Term, Second Department. May 18, 1889.)*

GUARDIAN AND WARD—PERSONAL LIABILITY OF PARENT.
    Where a mother (divorced) who is the guardian of the persons and estate of her minor daughters makes a contract for their care, management, and education, but does not limit her liability therefor to her capacity as guardian, otherwise than by adding to her signature the words "guardian of," etc., she is liable personally.

Appeal from judgment on report of referee.

This was an action by Martha Aldrich against Julia N. More, to recover certain sums as agreed compensation for plaintiff's services under an alleged contract by which plaintiff was to superintendent the education and care of defendant's minor daughters while traveling with them in foreign countries. Prior to the rendition of these services defendant had been divorced from her

husband, and had been appointed guardian of the persons and estate of her two daughters. One of the principal questions is whether she is liable for the services in question individually, or only in her capacity as guardian. The case was referred to Chauncey Shaffer, Esq., who filed the following report:

"I find as matters of fact:

"(1) That the parties hereto, on the 12th day of August, 1880, executed and delivered, each to the other, in duplicate, an instrument in writing, (which was introduced in evidence by the defendant's counsel,) in the words and figures following, to-wit: ' This agreement made and executed this 12th day of August, 1880, by and between Julia N. More, of Nashville, in the county of Davidson and state of Tennessee, guardian of her two daughters, Lytie More and Carrie More, of the first part, and Martha Aldrich, of Manchester, in the county of Hilsboro and state of New Hampshire, of the second part, witnesseth, that whereas, it is understood and agreed, by and between the parties hereto, that the said Julia N. More is to commit the care, management, and education of her two daughters aforesaid to the said Martha Aldrich during their journey to Leipsic, in Germany, and in their studies at said Leipsic, for the period of one year from the 14th day of August, 1880; and whereas, it is further understood and agreed that the said Martha Aldrich will accompany the said Lytie and Carrie to said Leipsic, and there superintend their education, and exercise her personal care and management in their behalf: now, therefore, in consideration of the premises, and of one dollar to each of the parties hereto paid by the other, the receipt whereof is acknowledged by each of the parties hereto, they agreed as follows: The said Julia N. More agrees to commit the care, management, and education of her two daughters aforesaid to said Martha Aldrich for the period of one year from the 14th day of August, 1880; to pay and discharge all their traveling expenses from Philadelphia to Leipsic, in Germany, and such other traveling expenses as may be incurred in reasonable journeys during said time; to furnish them with books, clothing, and such other necessary articles as may be required in the branches of education or arts they may pursue, and to pay the said Martha Aldrich for such care, management, education, and other undertakings hereinafter agreed to be done, furnished, and performed during said one year by the said Martha Aldrich, the sum of $1,600, to be paid as follows: Four hundred dollars in the month of October, 1880; four hundred dollars in the month of November, 1880; four hundred dollars in the month of February, 1881; and four hundred dollars in the month of May, 1881,—to be paid at said Leipsic. The said Martha Aldrich agrees to bestow and exercise her care and management personally in behalf of the said Lytie and Carrie upon their journey from Philadelphia to said Leipsic, and, upon their arrival at the latter city, to procure, furnish, and pay for suitable board and lodging rooms and washing for the said Lytie and Carrie in said Leipsic, during the remainder of said one year from said 14th day of August, 1880; and the said Martha Aldrich further agrees to furnish, provide, or impart to the said Lytie and Carrie instruction in the English, German, and Latin languages and studies; also in music, painting, and drawing,—such instruction to be for the period of 40 weeks at least during said one year. Such instruction to be in the city of Leipsic aforesaid, or in such other German city as the parties hereto may mutually agree upon, for said sum of $1,600, paid at the times and places aforesaid. In witness whereof the parties hereto have interchangeably set their hands and seals the day and year first mentioned above. Signed, sealed, and delivered in our presence. JULIA N. MORE, Guardian of J. Lytie and Carrie O. More. MARTHA ALDRICH.'

"(2) That during the year mentioned in said agreement, and in performance thereof on her part, the plaintiff undertook and had the care, management, and education of the said two daughters of the defendant named therein,

and accompanied them to Leipsic, in Germany, and there superintended their education, and bestowed and exercised her personal care and management in their behalf as required by said agreement, during the year therein specified, —that is to say, from the 14th day of August, 1880, to the 14th day of August, 1881; and, in further performance of the requirements of said agreement on her part, the plaintiff further expended for them, the said daughters, various sums of money; and that her salary and expenditures, as provided for in said agreement, and in pursuance thereof, and which were to be paid by the defendant as aforesaid, amounted to the sum of $2,257.88 for said one year, which the defendant paid in full; and both the plaintiff and defendant have fully performed their respective parts of said agreement for said year.

"(3) That at or about the end of the year provided for by said written agreement the parties hereto made another agreement, by correspondence between them, whereby the defendant, still being the guardian of said two daughters, but in her individual capacity, further employed the plaintiff to further superintend the further education of said two daughters for an indefinite length of time, and to bestow and exercise her personal care and management in their behalf; and to travel and sojourn with them in various parts of Europe, and personally to impart to and provide for them, said daughters, respectively, such further instruction as she should deem advisable; for which said services to be rendered, as last aforesaid, the said defendant duly agreed to pay the said plaintiff, upon demand, what her said services should be reasonably worth for so long a time as the said plaintiff should thereafter continue in the defendant's employ as lastly aforesaid; and further to repay the plaintiff such sums of money as she, the plaintiff, should, after the said 14th day of August, 1881, pay for her board and traveling expenses, and also for the necessary clothing, board, tuition, traveling, and other proper incidental expenses for said daughters, for as long a time as the plaintiff should thereafter continue in the defendant's employ.

"(4) I further find that in pursuance of and under said last-mentioned agreement the plaintiff further entered upon and continued in the employment of said defendant, had the care of, traveled with, gave and provided instruction to and for, said two daughters, and superintended their education, as she was required by said second agreement to do, from August 14, 1881, to February 14, 1884, (being a period of two and a half years,) and that her said services for the time last aforesaid were well and reasonably worth the sum of $500 a year, and at that rate, over and above the money paid by her for her said board and traveling expenses during the entire period of her service of said two and a half years.

"(5) I further find that at the close of the year ending August 14, 1882, the salary or compensation for said year, the traveling expenses and board of the plaintiff, together with the moneys paid and disbursed by her for said two daughters, under said last-mentioned agreement, for the first of said last-mentioned two and a half years, to-wit, from August 14, 1881, to August 14, 1882, were of the value and amounted to the sum of $2,600.85; that an itemized bill therefor was rendered by the plaintiff to the defendant; and the same was thereupon paid in full by the defendant.

"(6) I further find that the salary or compensation of the plaintiff under said last-mentioned agreement for her said services from August 14, 1882, to February 14, 1884, were of the value of $750, and that the money paid and disbursed by the plaintiff for her board and traveling expenses, and for the necessary board, clothing, tuition, traveling expenses, and other proper incidental expenses of said two daughters, during the said last-mentioned period of one year and a half, amounted to the sum of $2,396,36,—making total, with said $750, of $3,146.36.

"(7) I further find that prior to the 1st day of May, 1884, the defendant paid to the plaintiff, at different times, on account of said three and a half

years' services, payments, and disbursements made by the plaintiff during that time, the sum of $6,536.75, and that the defendant has not made any further or other payment whatever to the plaintiff; of which sum $2,257.88 was paid in full settlement of the first year's services of the plaintiff, and disbursements made by her on said first-mentioned written agreement. The further sum of $2,600.85 was paid in full settlement of the plaintiff's services, traveling expenses, and money paid and disbursed by her under the last-mentioned agreement for the second year, to-wit, from August 14, 1881, to August 14, 1882, as above found by me,—leaving a balance of $1,678.02 to be applied to the payment of the said amount of $3,146.36 for the plaintiff's said services and expenses, moneys paid and disbursed by her as above found by me for the above-mentioned one and a half years, to-wit, from August 14, 1882, to February 14, 1884; leaving a balance due the plaintiff from the defendant, after making the proper application as aforesaid, of $1,468.34.

"(8) I further find that after the rendition of said services as aforesaid, and the payment and disbursement of said moneys by the plaintiff, and in the month of May, 1884, the plaintiff duly demanded of the defendant the payment of the said balance of $1,468.34 remaining as aforesaid.

"(9) I further find that the interest on said last-mentioned balance of $1,468.34 from the commencement of this action, which I find was commenced on the 28th day of July, 1885, amounts to the sum of $————.

"(10) That during all the aforesaid time, and until after the month of March, 1884, the said daughters were, and each of them was, a minor under the age of 21 years.

"(11) That the defendant was not a married woman at any time during the years 1880, 1881, 1882, 1883, and 1884, and was the general guardian of said daughters during said years, respectively.

"I find as a matter of law that there is due the plaintiff from the defendant the sum of one thousand four hundred and sixty-eight dollars and thirty-four cents, ($1,468.34,) with interest thereon from the 28th day of July, 1885; being at this date the sum of $217.80, and amounting in all to the sum of $1,686.14, for which last-mentioned sum, together with the costs of this action, the said plaintiff is entitled to judgment against the said defendant in this action."

From a judgment entered on this report defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Geo. M. Curtis,* for appellant.     *W. J. Groo,* for respondent.

PRATT, J. The judgment rendered by the referee was fully sustained by the evidence. There are no errors of law brought to our attention sufficient to warrant setting aside the judgment. The defendant is clearly liable personally. It is clear that an action could not be sustained against the defendant in her representative capacity. *Thacher* v. *Dinsmore,* 5 Mass. 300. But aside from the fact that the referee had the advantage of seeing the witnesses and hearing them testify, and could better judge of their credibility than an appellate court, we cannot see how any injustice could have been done, except in determining the amount of the payments. That the plaintiff rendered the services, and that they ought to be paid for, there can be no doubt, and the defendant, being the natural guardian of the two minor daughters, was bound to support them. It was immaterial to the plaintiff from whence the funds to pay for her services came. It is disclosed here that it was the duty of the defendant, as guardian of the children, and as having them in her care and custody, to support and educate them, If it had been the intention of the father to make the estate of the infants the primary debtor, we must assume that it would have been accomplished by proper papers to effect the result. There is no evidence that such was the intention of the plaintiff, and the defendant has utterly failed to protect herself in this matter. It does not appear

that the referee has made any mistake in determining the amount of the payments made on account. If the estate of the infants is ample, it will eventually reimburse the defendant. If there was no estate, it was a fraud upon the plaintiff to attempt to obtain services upon a credit that was known to be worthless. . It is not a little significant in this connection that when the defendant settled her guardianship for the two young ladies no mention is made of any claim of the plaintiff. On the whole case we think the judgment should be affirmed, with costs.