JOHN ROGERS, APPELLANT, *v.* HENRY M. WENDELL, AS EXECUTOR OF THE ESTATE OF NATHAN D. WENDELL, DECEASED, RESPONDENT.

*Receiver, personally liable for services rendered and disbursements made, in the preservation of the property, by his direction.*

Nathan D. Wendell, having been appointed receiver of a corporation known as The Carthage Company, in an action brought to dissolve such corporation, employed on November 17, 1884, one Rogers to take charge of the property of the company at Carthage, and to pay certain disbursements necessary for its protection. Rogers entered upon, and continued in, such employ, furnishing materials, looking after the property generally, making reports to Mr. Wendell weekly, and drawing drafts upon him for various sums disbursed by Rogers, which were paid until January 5, 1886, when Wendell died. The services were of the value of $409, which were not paid for, and thirty-eight dollars were disbursed by Rogers and not repaid.

In an action, brought against the executor of Nathan D. Wendell, deceased, to recover for such services and unpaid disbursements, it was held by the court that Wendell did not assume any personal liability for the services rendered or disbursements made by the plaintiff, and that he was not entitled to recover.

*Held*, that it was well settled that the receiver was authorized to incur expenses and charges for the preservation and use of the property which came into his ·

hands by virtue of the receivership, and that the plaintiff was entitled to enforce his claim against Wendell personally, and that his estate became liable to pay the same; that the judgment should be reversed.

APPEAL by the plaintiff from a judgment, rendered at the Jefferson Circuit upon a trial before the court without a jury, which was entered in the office of the clerk of Jefferson county on the 11th day of March, 1889.

On November 8, 1884, Nathan D. Wendell was appointed temporary receiver of a corporation known as The Carthage Company in an action by The People for its dissolution. On December 6, 1884, by a judgment, the Carthage Company was dissolved and Nathan D. Wendell was appointed permanent receiver with the usual powers. On January 5, 1886, Nathan D. Wendell died, leaving a last will and testament, wherein the defendant was appointed his executor. The claim of the plaintiff was presented to the executor and rejected, and thereafter this action was brought. On the 17th of November, 1884, Wendell, as receiver, executed and delivered to J. W. Embury a letter of attorney authorizing him to take possession of the property of the Carthage Company and to employ such help as in his judgment might seem proper. That letter was signed, " N. D. Wendell, receiver," etc.

On the 20th of November, 1884, Embury called on the plaintiff at Carthage with the letter and informed the plaintiff that the property of the Carthage Company had been placed in possession of Wendell as receiver, and that Embury was about to take an inventory for the receiver, and that Wendell, the receiver, could not attend personally and asked the plaintiff to take an oversight of the property, which he consented to do, and thereafter he received several letters from the receiver while he was taking charge of the mill; the plaintiff furnished some materials, and rendered services and continued in charge until January 12, 1886, corresponding with Wendell; making weekly reports to him, and drawing on him for money; it is found that the plaintiff rendered services worth $409 for which he has not been paid, and that he also disbursed for wages and supplies thirty-eight dollars which has not been repaid to him, " all of which service and disbursements were necessary for the protection and preservation of the receivership property at Carthage." And it is found as a conclusion of law, viz. : " Nathan

D. Wendell did not assume any personal liability to pay for the services rendered or disbursements made by the plaintiff," also "the plaintiff is not entitled to recover of the defendant."

*F. T. Evans* and *W. F. Porter*, for the appellant.

*Louis W. Pratt*, for the respondent.

HARDIN, P. J.:

Whether the contract upon which plaintiff's claim rests was made with the receiver as such, or with him individually, was an open question to be determined at the trial, by a consideration of the letter signed by the receiver and the knowledge of the plaintiff of the appointment of such receiver, and the other surrounding circumstances known and understood by the plaintiff at the time he entered into the employment. It was competent to give parol evidence upon the question. (*Schmittler* v. *Simon*, 114 N. Y., 176, 187; *Hood* v. *Hallenbeck*, 7 Hun, 362.)

By the evidence it is made apparent that the plaintiff knew when he contracted, that Wendell was receiver, and as such only had possession of the corporation property, and sought to preserve it and render it useful. Plaintiff's services and expenditures were for such purpose. It was, therefore, properly found, as a fact, that all of plaintiff's claims arose in and "were necessary for the protection and preservation of the receivership property at Carthage."

It is well settled that a receiver is authorized to incur expenses and charges for the preservation and use of property which comes to his hands in virtue of the receivership. (*Cowdrey* v. *Galveston, etc., Railroad Company*, 93 U. S., 354; *Vilas* v. *Page*, 106 N. Y., 440; *Raht* v. *Attrill*, Id., 424.) Was the contract with the receiver as such, or with him individually? In dealing with a similar question, DANIELS, J., in *Foland* v. *Dayton* (40 Hun, 564), said: "The agreement of the plaintiff may be established as other agrements are allowed to be proved in courts of justice. That may be done by the language used on the occasion when the agreement is alleged to have been made, or by circumstances disclosing its nature and effect. Whether the plaintiff can maintain the action must, therefore, depend upon what the contract shall appear to have been *under which the services were rendered.*"

In *De Witt* v. *Walton* (5 Seld., 571) the defendant was not liable upon the note, as there was nothing in the instrument or note to show that there was an intention to bind the defendant.

In *Kain* v. *Smith* (80 N. Y., 478) the personal liability of the defendant was put upon the ground " that his position is purely voluntary, and that he had entered upon it by contract."

This case resembles *Aldrich* v. *Moore* (26 N. Y. St. Rep., 964), lately decided in the second department, and upon that authority, as well as the reasoning of MARTIN, J., in his opinion in this case, the conclusion is reached that plaintiff was entitled to enforce his claim against Wendell personally, and, therefore, his estate became liable to pay the same, and the executor was not warranted in rejecting the claim.

Judgment should be reversed on the exceptions and a new trial ordered, with costs to abide the event.

MARTIN, J. :

On the 8th day of November, 1884, Nathan D. Wendell, the defendant's testator, was appointed temporary receiver of the property of " The Carthage Company," in an action to dissolve such corporation. On the 4th day of December, 1884, he became permanent receiver thereof. On November 17, 1884, he employed the plaintiff to take charge of the property of the company at Carthag , and to pay certain disbursements necessary for its protection. The plaintiff entered upon and continued in such employ until January 5, 1886, when Wendell died. During the continuance of such employment the plaintiff furnished materials, looked after the property generally, made reports to Mr. Wendell weekly and drew drafts upon him for various sums, disbursed by plaintiff, which were paid. The plaintiff was not paid for his services, which were of the value of $409, nor was he paid thirty-eight dollars disbursed by him under and in pursuance of such contract. This action was to recover for such services and unpaid disbursements. On the trial the court held that Wendell did not assume any personal liability for the services rendered, or disbursements made by the plaintiff, and that plaintiff was not entitled to recover. I cannot assent to this conclusion.

In *Schmittler* v. *Simon* (101 N. Y., 557), it is said : " Neither executors nor administrators have power to bind the estate represented

by them through an executory contract, having for its object the creation of a new liability, not founded upon the contract or obligation of the testator or intestate. They take the personal property as owners, and have no principal behind them for whom they can contract. The title vests in them for the purposes of administration, and they must account, as owners, to the persons untimately entitled to distribution. In actions upon contracts made by them, however they may describe themselves therein; they are personally liable."

In *Willis* v. *Sharp* (113 N. Y., 591), the court says: "It is the settled doctrine of the courts of common law that a debt contracted by an executor after the death of his testator, although contracted by him as executor, binds him individually, and does not bind the estate which he represents, notwithstanding it may have been contracted for the benefit of the estate. (*Austin* v. *Munro*, 47 N. Y., 360.) It has been held in numerous cases that an executor, carrying on a trade under the authority of the will, binds himself individually by his contracts in the trade. He is not bound to carry on the trade and incur this hazard, although authorized or directed to do so; but if he does carry it on, the contracts of the business are his individual contracts." It is true that in the last case it was held that under the provisions of the testator's will the estate was also bound in equity for the debt in question, yet it was not held that the executor was not individually liable, but, in effect, held that in addition to the personal responsibility of the executor, the creditor had a claim in equity against the estate.

In *Davis* v. *Stover* (16 Abbott [N. S.] 227), it is stated that, as a general rule, an agent employed by a receiver in the execution of a trust must look to the person employing him, individually, for his pay, and an executory contract of this character does not bind the estate. But it was held in that case, that where there was an express agreement that the compensation was to be made out of the estate, the services might constitute an equitable set-off against a claim the estate held against the agent. In *Noyes* v. *Blakeman* (6 N. Y., 580), it is said: "It is undoubtedly true, as a general rule, that where a trustee employs agents in the execution of his trust, they are to look to him individually, and have no lien upon the trust fund for their compensation." In *Mygatt* v. *Wilcox* (45 N. Y., 309), it is

said: "A party who employs an attorney is personally liable to him for his services, although acting as a trustee or in a representative capacity in the business in which he employs him. (*Bowman* v. *Tallman*, 2 Robertson, 385.)" In the *People* v. *Universal Life Insurance Company* (30 Hun, 142), it was held that a receiver was liable for rent of premises occupied by him. In *Kedian* v. *Hoyt* (33 Hun, 145) it was held that a trustee was personally liable for work done and for materials furnished to the trust estate. In *Ryan* v. *Rand* (20 Abbott's N. C., 314), which was an action against a receiver individually for services, it was said: "The trial judge erred in holding that the defendant was not individually liable for the services rendered upon his accounting as receiver. The rule is that a person employed by a trustee, receiver, general assignee, executor or administrator in matters pertaining to the execution of the trust, must look to the person employing him, individually, for his compensation, as the contract does not bind the estate he represents. The title to the trust property vests in these different officials, and they must account for it to the persons ultimately entitled to distribution. They are individually liable because they have no responsible principal behind them for whom they may contract and against whom the creditor may enforce his demand." (*Patton* v. *R. B. P. Co.*, 114 N. Y., 4.) On the argument it was practically assumed that Wendell's liability as receiver was similar to the liability of an executor or administrator, and several of the cases cited to sustain this judgment relate to the liabilities of the latter. Conceding the correctness of this assumption, the Schmittler and Willis cases (*supra*) must be regarded as controlling authorities in this case. But, independent of those cases, the other authorities cited are to the effect that the receiver was individually liable to the plaintiff. I think it should be so held, both upon principle and authority. Wendell employed the plaintiff, and he performed the services, and made the disbursements for which he seeks to recover. The plaintiff had no knowledge of the directions which the court gave Wendell as receiver, nor of the powers that were vested in him by its orders. The receiver had no principal against whom the plaintiff could maintain an action. Nor could he maintain an action against Wendell's successor, as there was no contract or privity

between them. (*Lehigh Coal and N. Co.* v. *C. R. R. Co.*, 41 N. J. Eq., 167.) If the plaintiff cannot recover against the estate of Wendell, he has no right of action and his claim cannot be enforced. A receiver cannot, of his own motion, contract debts chargeable upon the fund in litigation. While a court may allow expenses incurred by a receiver for the preservation of the property, it is, nevertheless, the order of the court, and not the act of the receiver, which creates the charge, and upon which its validity depends. (*Vilas* v. *Page*, 106 N. Y., 451.)

It is no answer to the plaintiff's claim to say that if it is just and proper, the court will allow it and order it paid. It may have been perfectly proper, so far as the plaintiff is concerned, and still improper as against the estate. The receiver may have been guilty of some act which would render the allowance of this claim against the estate improper. In such event the plaintiff's claim would be disallowed, and he compelled to lose his demand, although his action was in all things proper. The plaintiff's rights under his contract should be dependent upon no such uncertain remedy for their enforcement. He made his contract with the receiver, presumptively upon his individual responsibility, and the receiver should be required to perform it. But it is said that the receiver ought not to be held personally liable upon a contract made for the benefit of the estate he represents. Why not? If his action was of doubtful propriety, or if the estate was of doubtful sufficiency, why should not the receiver be liable, if acting under such circumstances, he obtains the services and property of another. If the estate was insufficient, he knew it better than any other person, and should not have incurred the liability. Under such circumstances the law would not require it of him, and common honesty would forbid his making such a contract at the expense of another.

If held to be individually liable, no improper harm can fall upon the receiver or his estate. If the action of the receiver, in making this contract and incurring this expense, was proper and authorized, the demand, when paid, can properly be charged in his accounts and will be allowed by the court. If the receiver acted improperly or without authority in employing the plaintiff, and directing him to make such disbursements, then his estate should bear the burden of his unauthorized act, and it should not be cast upon the plaintiff.

This is not a case where there was an agreement by the plaintiff to exonerate the receiver from individual liability, nor where there was an agreement to make the debt a charge upon the trust estate. Nor does the evidence tend to show even that the plaintiff performed such services and made such disbursements upon the faith and credit of the estate. Therefore, the cases of *New* v. *Nicoll* (73 N. Y., 127), *Foland* v. *Dayton* (40 Hun, 563), *Martin* v. *Platt* (51 id., 435), have no application. Although it may be that Wendell could have exempted himself from individual liability by an express agreement to that effect, still an express agreement was necessary, and it was not sufficient that the plaintiff, in doing the work and making the expenditure, did it upon the faith and credit of the estate. (*New* v. *Nicoll, supra.*)

I think the trial court erred in holding that Wendell was not individually liable to the plaintiff, and in dismissing the complaint, and that for such error the judgment should be reversed

MERWIN, J., not sitting.

Judgment reversed on the exceptions, and a new trial ordered, with costs to abide the event.