## ROGERS v. WENDELL.

*(Supreme Court, General Term, Fourth Department.* November, 1889.)

For opinion of Mr. Justice MARTIN, and statement of case, see 7 N. Y. Supp. 781.

Argued before HARDIN, P. J., and MARTIN, J.

HARDIN, P. J. Whether the contract upon which plaintiff's claim rests was made with the receiver as such, or with him individually, was an open question, to be determined at the trial by a consideration of the letter signed by the receiver, and the knowledge of the plaintiff of the appointment of such receiver, and the other surrounding circumstances known and understood by the plaintiff at the time he entered into the employment. It was competent to give parol evidence upon the question. *Schmittler* v. *Simon,* 114 N. Y. 176, 187, 21 N. E. Rep. 162; *Hood* v. *Hallenbeck,* 7 Hun, 362. By the evidence it is made apparent that the plaintiff knew, when he contracted, that Wendell was receiver, and as such only had possession of the corporation property, and sought to preserve it and render it useful. Plaintiff's services and expenditures were for such purpose. It was therefore properly found as a fact that all of plaintiff's claims arose in, and "were necessary for the protection and preservation of, the receivership property at Carthage." It is well settled that a receiver is authorized to incur expenses and charges for the preservation and use of property which comes to his hands in virtue of the receivership. *Cowdrey* v. *Railroad Co.,* 93 U. S. 354; *Vilas* v. *Page,* 106 N. Y. 440, 13 N. E. Rep. 743; *Raht* v. *Attrill,* 106 N. Y. 424, 13 N. E. Rep. 282. Was the contract with the receiver as such, or with him individually? In dealing with a similar question, DANIELS, J., in *Foland* v. *Dayton,* 40 Hun, 564, said "The agreement of the plaintiff may be established as other agreements are allowed to be proved in courts of justice. That may be done by the language used on the occasion when the agreement is alleged to have been made, or by circumstances disclosing its nature and effect. Whether the plaintiff can maintain the action must therefore depend upon what the contract shall appear to have been under which the services were rendered." In *De Witt* v. *Walton,* 9 N. Y. 571, the defendant was not liable upon the note, as there was nothing in the instrument or note to show that there was an intention to bind the defendant. In *Kain* v. *Smith,* 80 N. Y. 478, the personal liability of the defendant was put upon the ground "that his position is purely voluntary, and that he has entered upon it by contract." This case resembles *Aldrich* v. *More,* 5 N. Y. Supp. 330, (lately decided in the second department,) and upon that authority, as well as the reasoning of MARTIN, J., in his opinion in this case, the conclusion is reached that plaintiff was entitled to enforce his claim against Wendell personally, and therefore his estate became liable to pay the same, and the executor was not warranted in rejecting the claim. Judgment reversed on the exceptions, and a new trial ordered, with costs to abide the event.