(7 Misc. Rep. 144.)

## KLEBISCH v. SIEDLER.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

COUNTERCLAIM—WHEN ALLOWABLE.

In an action for services rendered defendant alleged that he had sold property to plaintiff, part of the price of which was paid by plaintiff's giving receipt for a certain sum for past and future services, and set up as a counterclaim so much as was specified in the receipt as for future services. Plaintiff denied the sale, and testified that the conveyance was in trust to sell and to hold part of the proceeds for future services to be rendered by him. *Held*, that it was error to refuse to charge that plaintiff was not entitled, as against the amount of the counterclaim, to credit for any services except such as were proven in the action, since defendant was entitled to the counterclaim if the sale was made as alleged by defendant, unless the amount had been absorbed in the payment of other services.

Appeal from city court, general term.

Action by Charles W. Klebisch against Charles Siedler for moneys laid out and expended on premises 69 East 106th street; also for legal services rendered in examining the title to the same premises, and endeavoring to procure a mortgage thereon. From a judgment of the city court (23 N. Y. Supp. 1167) affirming a judgment entered on a verdict in favor of plaintiff, defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Tillotson & Kent, for appellant.

Charles Wehle, for respondent.

DALY, C. J. The plaintiff was attorney for the Lorillard Brickworks Company, and when the defendant was appointed receiver of that company the plaintiff continued to render him professional and other services. All of the transactions between the parties had reference to the receivership and the management of its property, no personal or private interest of the receiver being involved; but he contracted personally with the plaintiff, and is liable in a personal action. The premises 69 East 106th street, an unfinished flat, were part of the estate, and, having been sold under fore-

v.27 N.Y.s.no.4—27

closure, were bought in by the receiver for the benefit of his trust. After the foreclosure, the plaintiff entered into negotiations with the receiver with a view to purchasing the property himself, and the contention of the defendant is that the plaintiff's outlays (with the exception of a small bill for looking glasses, and the commissions paid to brokers in a subsequent attempt to make another sale, where the negotiations with plaintiff fell through) were for his own benefit as prospective purchaser. This was denied by plaintiff, and, as the jury found in his favor for nearly the full amount claimed, we must regard the plaintiff's cause of action as established.

There were several counterclaims, however, interposed by defendant's answer, but only one of them need be noticed, since that alone is involved in the consideration of an alleged erroneous instruction to the jury. It appears that another piece of property belonging to the estate—No. 59 East 106th street—was conveyed to the plaintiff for a stated consideration, being $4,115 above the incumbrances; which the plaintiff paid by receipting in full for all claims he held against his former client, the Lorillard Brickworks Company, settled at $2,500; and by receipting to the receiver for $1,615.67 for past and future legal services rendered to him; the past services being represented by a bill for $917.99, leaving the credit for future services at $697.58. It was this balance of $697.58 which the defendant demanded should be set off against or applied upon the demand in the action. Upon this plea of counterclaim or set-off issue was taken, and the plaintiff testified that the transaction of the conveyance of 59 East 106th street to him was not a sale, but an arrangement by which he was to hold the property in trust for the receiver and the incumbrancers, and, if he effected a sale to a bona fide purchaser at $24,000, he was to apply the $4,115 excess over the incumbrances in the manner designated by the receipts, viz. reimbursing himself with $2,500 for his claim against the company, $917.99 for his claim against the receiver, and holding the balance, $697.58, as a credit, available to the latter. He further testified that no purchaser had been found for the property, that he still continued to manage it as trustee, and that he was not indebted to defendant in any sum as consideration for the conveyance to himself. Nevertheless, he has rendered a bill to the receiver for legal services for $1,670.38, crediting $697.68 as received on account, and this bill he put in evidence without, however, proving the performance or value of the items. The case, therefore, went to the jury upon this counterclaim or set-off of $697.68, upon the issue whether that sum was to be charged against the plaintiff as part consideration of the conveyance to him of 59 East 106th street, or was to become operative as a charge only upon the condition of his effecting a sale of the equity at $4,115. If the latter were the case, it constituted no counterclaim to the present action; if the former, it was a credit which defendant had a right to have applied upon the demand in this action, unless it had been absorbed in payment of other services. Upon this latter point, the defendant's counsel asked the court to charge that they should not

credit the plaintiff, as against the balance of $697.58, with the value of any services except such as have been proven in this action. This was declined, and the plaintiff duly excepted.   The refusal to charge as requested deprived the defendant of the right to a conceded credit, if the jury believed that plaintiff held the title of 59 East 106th street in his own right, by permitting plaintiff in effect to extinguish the credit by a mere claim of services without proof of performance or value; and a new trial must therefore be ordered.   The absence of a special finding by the jury on the main question whether the title was taken by plaintiff as trustee or not makes it impossible to ascertain how that issue was decided, and leaves the refusal to charge material error.   Judgment reversed, new trial ordered, costs to appellant to abide the event. All concur.