(9 Misc. Rep. 132.)

### AMERICAN SURETY CO. OF NEW YORK v. McDERMOTT.

(Common Pleas of New York City and County, General Term. June 4, 1894.)

PAROL EVIDENCE—PERSONAL OR REPRESENTATIVE OBLIGATION.

> Where a receiver executes a bond by which he binds himself personally to indemnify his surety on an undertaking for costs in an action brought by him as receiver, he cannot show by parol evidence that the indemnifying bond was a representative, and not a personal, obligation. 25 N. Y. Supp. 467, affirmed.

Appeal from trial term.

Action by the American Surety Company of New York against George A. McDermott. There was a judgment in favor of plaintiff (25 N. Y. Supp. 467), and defendant appeals. Affirmed.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

John Frankenheimer, for appellant.
John J. Crawford, for respondent.

BOOKSTAVER, J. On the trial, certain evidence was admitted provisionally, and upon the decision of this action the court ruled such evidence was inadmissible, and it was therefore stricken out; and to this ruling the defendant excepted in due season, and the main question upon this appeal relates to the admissibility of the evidence so stricken out. The learned judge who tried the case correctly ruled, we think, upon this question, and for the reasons so clearly stated by him in his opinion (25 N. Y. Supp. 467) there is left but little to add thereto. The intention of the appellant to bind himself personally, and not in his representative capacity, is clear from the provision, which states, "Said George A. McDermott shall and will pay in cash to said American Surety Company," etc., the premium or charge of $12 made by said company "for executing said instrument, and continuing the same," etc., and by the further provision that "said George A. McDermott shall and will at all times indemnify, and keep indemnified," etc. This language is explicit and precise, and excludes any idea of the instrument being executed in an official capacity, although he described and signed himself as receiver. We fully concur with the learned judge who tried the case that the defendant, as receiver, had no power, without an order of the court to bind the assets of the estate of which he was receiver by an executory contract; and in addition to the case cited by him, we would cite Vilas v. Page, 106 N. Y. 439, 451, 13 N. E. 743; Rogers v. Wendell, 54 Hun, 540, 543, 545, 7 N. Y. Supp. 781, and 8 N. Y. Supp. 515.

There being no ambiguity in the bond or undertaking, it follows, for the reasons stated by the learned judge below, that the evidence striken out was not admissible; and this case affords an excellent illustration of the propriety of such a rule. Appellant claims that the arrangements were made with Mr. Elmer, the president of the company, and that he agreed he would look for indemnity to the assets which might be realized by the receiver, and would not look to the defendant personally. Mr. Elmer is now dead, and it is quite impossible for plaintiff to disprove defendant's statements. If he were alive, it is not improbable he might show that the defendant had not recalled all the facts correctly; and it is inconceivable that he could have thus agreed, because it would have been absolutely no security whatsoever to the respondent, in that event, for the appellant testified that all the estate he took as receiver was the right of action, on which he brought the action. The undertaking was necessary to protect the respondent only in case that action should fail, for then only would the appellant have been liable for costs; and then, had the agreement been as contended for by him, there would have been no estate whatsoever, out of which he could have paid them. In the only event in which, by its terms, such a contract could be enforced, it would be unenforceable, for want of assets. The judgment should therefore be affirmed, with costs.