WOLF v. LOVERING.

(Circuit Court of Appeals, Second Circuit. January 7, 1908.)

No. 90.

1. WRIT OF ERROR—DIRECTION OF VERDICT—REVIEW.

Where an order directing a verdict for defendant is objected to on a writ of error, the Court of Appeals is required to take the view of the testimony and the inferences to be drawn therefrom most favorable to the plaintiff, the question being, not whether a verdict ought to have been rendered for plaintiff, but whether it lawfully might have been.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error. §§ 3467–3475.]

2. RECEIVERS—CONTRACT—QUESTION FOR JURY.

Where an alleged personal contract of a receiver to procure the requisite notice of intention to transfer a seat in a cotton exchange, which was sold to plaintiff, was claimed to be established by conversations between defendant and the superintendent of the exchange, and by defendant's admissions, etc., defendant claiming that they showed nothing more than a receiver's promise in aid of a receiver's sale, it was for the jury, and not for the court, to determine what the agreement was.

3. SAME—PERSONAL CONTRACT.

Defendant, one of the receivers of a corporation, which he claimed owned a seat in the New York Cotton Exchange, standing in the name of C., and being desirous of selling the seat, communicated with the superintendent of the exchange, and was informed that it was necessary to return a written notice of intention to sell, signed by C. Defendant stated that he would obtain C.'s signature to the required notice, and placed the matter of the sale of the seat in the superintendent's hands. The superintendent arranged to sell the seat to plaintiff, but did not inform him of defendant's agreement until after the sale had been closed. Defendant failed to procure C.'s signature, and the sale was not consummated. *Held* sufficient to show an agreement on defendant's part in his individual capacity for the breach of which he was individually liable, under the rule that a personal undertaking by a receiver binds him personally.

4. SAME—PRESUMPTIONS.

In an action for breach of a receiver's contract to procure the necessary notice of intention to sell a seat in an Exchange which he sold to plaintiff, the presumption that the receiver bound himself officially and not personally, while proper to be considered by the jury in determining whether the receiver was individually liable, was no ground for withdrawing the action from the jury.

5. PRINCIPAL AND AGENT — ACTING FOR PARTIES ADVERSELY INTERESTED —
   KNOWLEDGE OF PRINCIPAL.
   A receiver desiring to sell a seat in an Exchange applied to the superintendent of the Exchange who told him it would be necessary to obtain a written notice of intention to sell, signed by the person in whose name the seat stood. The receiver promised to obtain this, whereupon the superintendent arranged to sell the seat to plaintiff. *Held*, that the superintendent was the agent of both parties, so that his failure to inform plaintiff of defendant's agreement to obtain such notice until after the sale had been closed did not deprive plaintiff of the right to recover for breach thereof.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, §§ 670–679.]
   Lacombe, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Southern District of New York.

Hoadly, Lauterbach & Johnson (H. L. Schuerman, of counsel), for plaintiff in error.

Edward Bruce Hill (R. Victor, of counsel), for defendant in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge. This action is brought upon an alleged personal contract of a receiver. The substance of the complaint is that, in order to carry out an agreement made by the defendant as receiver of the American Cotton Company for the sale of a seat in the New York Cotton Exchange to the plaintiff, the defendant personally agreed to procure the requisite notice of intention to transfer such seat, signed by a third person in whose name the seat stood. Upon the close of the plaintiff's case the trial court directed a verdict for the defendant, in which action the plaintiff claims there was error. We are therefore called upon to determine whether there was sufficient evidence to support a verdict for the plaintiff. In so doing, it is our duty to take the view of the testimony, and of the inferences to be drawn therefrom, most favorable to the plaintiff. The question is not whether a verdict ought to have been rendered for the plaintiff, but whether it lawfully might have been. The testimony largely relates to conversations between the defendant and one King, superintendent of the Cotton Exchange. From these conversations, the admissions of the defendant, and all the circumstances the plaintiff claims an agreement personally binding the defendant. The defendant, on the other hand, claims that they show nothing more than a receiver's promise in aid of a receiver's sale. It was for the jury, and not the court, to determine what the agreement was. "The question whether a receiver has assumed such personal liability or not is one to be determined from the facts and circumstances of the case." Cake v. Mohun, 164 U. S. 315, 17 Sup. Ct. 100, 41 L. Ed. 447.

There was evidence in the case from which the jury might have found these facts: (1) The defendant was one of the receivers of the American Cotton Company which he claimed owned a seat in the New York Cotton Exchange. (2) The defendant was desirous of disposing of this seat and communicated with King, the superintendent of the

Exchange, with the end in view. The seat stood in the name of one Cooper, and King told the defendant that, under the rules of the Exchange, it would be necessary to obtain a written notice of intention to sell, signed by Cooper. (3) The defendant personally agreed that he would obtain Cooper's signature to the required notice, and placed the matter of the sale of the seat in King's hands. (4) King arranged to sell the seat to the plaintiff, but did not inform him of the defendant's personal undertaking until after the agreement of sale had been closed. (5) The defendant failed to procure Cooper's signature, and the sale was not consummated—to the plaintiff's damage.

These facts show an agreement on the part of the defendant in his individual capacity, and were sufficient to justify a verdict against him. A personal undertaking by a receiver binds him personally. Cake v. Mohun, supra; Farmer's Loan & Trust Co. v. Central R. R. Co. (C. C.) 7 Fed. 538; Rogers v. Wendell, 54 Hun, 540, 7 N. Y. Supp. 781, 8 N. Y. Supp. 515; Klebisch v. Siedler, 7 Misc. Rep. 144, 27 N. Y. Supp. 417; Ryan v. Rand, 20 Abb. N. C. 313; Keene v. Gaehle, 56 Md. 343; Gluck & Becker on Receivers of Corporations (2d Ed.) § 82; Smith on Receiverships, § 128. It may well be that where a transaction relates to receivership property the presumption is that a receiver binds himself officially, and not personally. But this presumption, while proper to be considered by the jury, is no reason for taking a case away from the jury. In the present action, considering all the facts and circumstances, we cannot hold, as a matter of law, that the jury were without warrant to find this presumption overcome, and an individual obligation established. Perhaps we should not have so found had the question of fact been before us. Perhaps the jury would not have so found had the case been submitted to them. But the question is what they might have found.

The defendant contends, however, that even if he did make the personal promise to King, who was his agent in the matter, such fact was not communicated by King to the plaintiff before he agreed to purchase the seat, could not have induced the purchase, and, consequently, gave the plaintiff no right of action. The plaintiff, on the other hand, claims that King was the agent of both parties in the transaction; the defendant's agent in making the sale, and the plaintiff's agent in closing the matter.

We think the plaintiff's contention the correct one. King, as superintendent of the Exchange, was the person to whom both intending buyers and sellers of seats would naturally apply. From the very nature of his position, he acted for both parties. The alleged personal agreement of the defendant was for the benefit of any purchaser of the seat. It constituted one of the terms of the purchase, and the plaintiff was entitled to the benefit of it whether it was communicated to him before he agreed to buy or afterwards.

As a new trial must be ordered on account of the failure to submit the case to the jury upon the question of the defendant's express personal undertaking, it is unnecessary to consider the other assignments of error.

A new trial is ordered; costs to abide the event.

LACOMBE, Circuit Judge (dissenting). I am unable to concur with the majority of the court. It is undisputed that plaintiff's agent knew that Lovering was receiver of the corporation; that the piece of property for whose sale they were negotiating was supposed to belong to the corporation, although standing in the name of an individual; that it was as a bit of receivership property that defendant was trying to sell it. Under these circumstances, it does not seem to me that the testimony is sufficient to warrant the conclusion that the minds of both parties to the negotiation met in agreement that Lovering would make himself personally and individually responsible as guarantor that a good title to the property would be made.